# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Colin Barceloux,

    Plaintiff

v.

The Light Group, LLC, et al.

    Defendants

2:15-cv-02448-JAD-NJK

**Order Dismissing Case for Lack of Jurisdiction (Amount in Controversy Not Met)**

[ECF Nos. 74, 81]

## Introduction

Colin Barceloux claims he was injured at the Bank Nightclub in the Bellagio Hotel & Casino in Las Vegas, Nevada, when he bumped a glass in the hand of another patron and it shattered in his face.[1] He sued the Bellagio, added claims against glass manufacturer Libbey Glass, Inc., and has moved to add claims against the glassware supplier.[2]

As I was preparing for the hearing on that latest motion to amend, it occurred to me that this tort case—which was filed in this court based on diversity jurisdiction, 28 U.S.C. § 1332—may not satisfy the statutorily required $75,000 amount in controversy. So I ordered the parties to show cause why this case should not be dismissed for lack of subject matter jurisdiction.[3] The remaining active parties have responded.[4] I find that this case does not meet the threshold amount in controversy, and I dismiss it without prejudice to its refiling in state court.

---

[1] ECF No. 1 at 2.

[2] ECF No. 81.

[3] ECF No. 88 (minute order).

[4] ECF Nos. 89, 90.

1

**Discussion**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[5] "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."[6] Cases filed in federal court should be dismissed when it "appear[s] to a legal certainty" that the value of the plaintiff's claim is less than $75,000.[7] "The district court is not obliged to accept the plaintiff's allegations regarding subject matter jurisdiction."[8] "Thus, when challenged by the court or the defendant, in all cases originally commenced in a federal court, the plaintiff bears the initial burden of showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount; it must do so with competent proof."[9]

Although plaintiff offers the conclusory allegation in his complaint that "The amount in controversy exceeds $75,000,"[10] other statements in the complaint undermine that conclusion. He alleges that he had incurred medical expenses "in excess of $18,000" and that his future medical treatment is estimated at "approximately $25,000," for a total of just $43,000.[11] In his response to the order to show cause, plaintiff offers no proof and just baldly claims that his general damages will obviously exceed the additional $32,000 needed to reach the $75,000 threshold.[12] Defendant Libbey

---

[5] Fed. R. Civ. P. 12(h)(3). *See also Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.").

[6] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[7] *Id.* (quoting *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[8] *The Allocation of Burdens in Determining the Amount in Controversy*, 14AA Fed. Prac. & Proc. Juris. § 3702.2 (4th ed.).

[9] *Id.*

[10] ECF No. 1 at ¶ 4.

[11] *Id.* at ¶¶ 12, 13.

[12] ECF No. 89.

Glass, Inc. contends that this case falls short of the amount-in-controversy mark and should be dismissed.[13] Libbey adds that even the $25,000 in future medical expenses are "dubious" because the incident occurred more than three years ago and the plaintiff has not sought treatment since.[14]

Even if I disregard Libbey's discussion of the "dubious" nature of plaintiff's future medical expenses, I find that plaintiff has not met his burden. He has offered nothing to show that he can expect to recover "general" damages for pain, suffering, or anything else sufficient to bridge the $32,000 span between his claimed past and future damages and the jurisdictional threshold. He includes no discussion of the pain and suffering that he claims he incurred as a result of any defendant's action, and he has not suggested a legal basis for an award of statutory damages or attorney's fees.[15]

Because it appears to me to a legal certainty that the value of this case is less than $75,000, I find that this court lacks jurisdiction to hear it. Accordingly,

IT IS THEREFORE ORDERED that **this case is DISMISSED** without prejudice to its refiling in state court. All pending motions **[ECF Nos. 74, 81] are DENIED** without prejudice. The Clerk of Court is directed to **CLOSE THIS CASE.**

Dated this 22nd day of June, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] ECF No. 90.

[14] *Id*. at 2–3.

[15] "Nevada follows the American rule that attorney fees may not be awarded absent a statute, rule, or contract authorizing such award." *Thomas v. City of N. Las Vegas*, 127 P.3d 1057, 1063 (Nev. 2006).